IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DIRECTV, INC., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No.:  03-CV-2287-GTV** |
| | ) | |
| CLAYTON WHITE, ROBERT | ) | |
| PUCCINELLI, REID ROBERTS, BRYAN | ) | |
| STANLEY, BILL STRAUSS, WILLIAM | ) | |
| TURNER, ERIC WADE, KEN | ) | |
| YARNEVICH and JOSH ZERLAN, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER OF DEFENDANT JOSH ZERLAN

Defendant Josh Zerlan provides the following answer to Plaintiff DIRECTV, Inc.'s

Original Complaint.

## RESPONSE TO ALLEGATIONS OF THE COMPLAINT

1.      Defendant admits that the lawsuit involves claims referred to in paragraph 1 of

plaintiff's complaint, but denies that paragraph 1 accurately describes the law, denies that the

legal sufficiency of the allegations of the complaint and denies the factual basis for the claims

against this defendant.

2.      Defendant lacks sufficient information or knowledge to admit or deny the

allegations of paragraph 2 and, therefore, denies those allegations.

3.      With the exception of the last sentence of paragraph 3, defendant lacks sufficient

information or knowledge to admit or deny the allegations of paragraph 3 and, therefore, denies

those allegations.  As to the last sentence of paragraph 3, defendant expressly denies that the

programmable of these access cards is the primary basis for this dispute.

4-5.    Defendant lacks sufficient information or knowledge to admit or deny the allegations of paragraphs 4 and 5 and, therefore, denies those allegations.

6.    Concerning the allegation of paragraph 6, defendant admits that he is a resident of the State of Kansas but is without information or knowledge to admit or deny the residency of the other named defendants.

7.    Defendant lacks sufficient information or knowledge to admit or deny the allegations of paragraph 7 and, therefore, denies those allegations.

8.    Defendant denies the allegations contained in paragraph 8 as they relate to this defendant.  Defendant Josh Zerlan is without information or knowledge sufficient to admit or deny the allegations of paragraph 8 as they relate to other defendants.

9.    For his answer to the allegations of paragraph 9, defendant incorporates and restates his answers to the allegations of paragraphs 1 through 8.

10.    Paragraph 10 states legal conclusions that do not require a response.  To the extent a response is required, defendant admits that the referenced statute is the basis for the claim for relief.

11.    Defendant admits that this Court has personal jurisdiction and that he is a resident of the State of Kansas.  Defendant denies the remaining allegations of paragraph 11.

### IV.  VENUE

12.    Defendant admit that venue is proper in Kansas and admits that plaintiff has alleged that certain events occurred in Kansas.  Defendant denies that the alleged event occurred.

### V.  PARTIES

13.    For his answer to the allegations of paragraph 13, defendant incorporates and restates his responses to the allegations of paragraphs 1 through 12.

14-22. Defendant lacks sufficient information or knowledge to admit or deny the allegations of paragraphs 14 through 22 and, therefore, denies those allegations.

23.    Defendant admits that he works in Lenexa, Kansas but denies that he is a resident of Lenexa, Kansas and denies the remaining allegations of paragraph 23.

24.    Defendant admits the allegations contained in paragraph 24.

25.    Defendant denies the allegations contained in paragraph 25.

26.    Defendant denies the allegations contained in paragraph 26.

27.    Defendant denies the allegations contained in paragraph 27.

## VI.  DISCOVERY OF ILLEGAL CONDUCT

28.    Defendant lacks sufficient information or knowledge to admit or deny the allegations of paragraph 28 and, therefore, denies those allegations.

## VII.  CAUSES OF ACTION

### Count 1 – Damages for Violations of Cable Communications Policy Act (47 U.S.C. § 605(e)(3)(C))

29.    For his answer to the allegations of paragraph 29, defendant incorporates and restates his responses to the allegations of paragraphs 1 through 28.

30.    Defendant denies the allegations contained in paragraph 30.

31.    Defendant denies the allegations contained in paragraph 31.

32.    Defendant denies the allegations contained in paragraph 32.

33.    Defendant denies the allegations contained in paragraph 33.

34.    Defendant denies the allegations contained in paragraph 34.

### Count 2 – Damages for Violations of 18 U.S.C. § 2511

35.    For his response to the allegations of paragraph 35, defendant incorporates and restates his responses to the allegations of paragraphs 1 through 34.

36.     Defendant denies the allegations contained in paragraph 36.

37.     Defendant denies the allegations contained in paragraph 37.

38.     Defendant denies the allegations contained in paragraph 38.

### Count 3 – Damages for Possession of Manufacture and/or Assembly of Electronic, Mechanical or Other Device or Equipment

39.     For his answer to the allegations of paragraph 39, defendant incorporates and restates his responses to the allegations of paragraphs 1 through 38.

40.     Defendant denies the allegations contained in paragraph 40.

41.     Defendant denies the allegations contained in paragraph 41.

42.     Defendant denies the allegations contained in paragraph 42.

### Count 4 – Damages for Willful Assembly or Modification of Devices or Equipment (47 U.S.C. § 605(e)(4))

43.     For his response to the allegations of paragraph 43, defendant incorporates and restates his responses to the allegations of paragraphs 1 through 42.

44.     Defendant denies the allegations contained in paragraph 44.

45.     Defendant denies the allegations contained in paragraph 45.

46.     Defendant denies the allegations contained in paragraph 46.

### Count 5 – Civil Conversion

47.     For his response to the allegations of paragraph 47, defendant incorporates and restates his responses to the allegations of paragraphs 1 through 46.

48.     Defendant denies the allegations contained in paragraphs 48.

49.     Defendant denies the allegations contained in paragraph 49.

50.     Defendant denies the allegations contained in paragraph 50.

## VIII.  REQUEST FOR INJUNCTIVE RELIEF

51.     For his response to the allegations of paragraph 51, defendant incorporates and restates his responses to the allegations of paragraphs 1 through 50.

52.     Defendant denies the allegations contained in paragraph 52.

53.     Defendant denies the allegations contained in paragraph 53.

54.     Defendant denies the allegations contained in paragraph 54.

55.     Defendant denies the allegations contained in paragraph 55.

56.     Defendant denies any allegation of plaintiff's complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Original Complaint fails to state a claim upon which relief may be granted.

2.     Plaintiff's claims are or may be barred by the applicable statutes of limitations.

3.     Plaintiff lacks standing to bring the action because defendant has not made any unauthorized reception or interception of DIRECTV satellite signal.

4.     Count four fails to state a cause of action because it does not allege that defendant intercepted or received any DIRECTV satellite signal.

5.     Plaintiff's claims against various defendants are improperly joined.

WHEREFORE, defendant Josh Zerlan prays that judgment be entered against plaintiff and in favor of defendant, that plaintiff take nothing for its complaint and that defendant be awarded his costs and attorneys' fees incurred herein.

Respectfully submitted,

STINSON MORRISON HECKER LLP


By  ___/s/ Donald C. Ramsay_____
       Mark D. Hinderks          KS # 11293
       Donald C. Ramsay        KS # 07446
       9 Corporate Woods, Suite 450
       9200 Indian Creek Parkway
       Overland Park, Kansas  66210
       Telephone:  (913) 451-8600
       Facsimile:  (913) 451-6352
       E-mail:  mhinderks@stinsonmoheck.com
       E-mail:  dramsay@stonsonmoheck.com

Attorneys for Defendant Josh Zerlan

<u>CERTIFICATE OF MAILING</u>

I hereby certify that on this 29th day of September, 2003, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Robert P. Numrich
Todd M. Johnson
Baty, Holm & Numrich, P.C.
210 Plaza West Building
4600 Madison Avenue
Kansas City, Missouri 64112
Email: bnumrich@batyholm.com
Email: tjohnson@batyholm.com
Attorneys for Plaintiff

Robert R. Laing, Jr.
Law Office of Robert R, Laing, Jr.
10975 Benson Drive,  Suite 570
Overland Park, Kansas 66210
Email: rrlaing@planetkc.com
Attorney for Defendant Reid Roberts

J. Steven Schweiker
7134 West 80th Street
Overland Park, Kansas 66204
Email: jsschweik@aol.com
Attorney for Defendant William Turner

J. Nick Badgerow
Spencer, Fane, Britt & Browne
40 Corporate Woods, Suite 700
9401 Indian Creek Parkway
Overland Park, Kansas  66210
Email: nbadgerow@spencerfane.com
Attorney for Defendant Bryan Stanley

Robert S. Caldwell
Caldwell & Moll, L.C.
11903 West 119th Street
Overland Park, Kansas 66213
Email: rsc@caldwellandmoll.com
Attorneys for Defendant Robert Puccinelli

William M. Nelson
Law Offices of William M. Nelson LLC
7211 West 98th Street, Suite 140
Overland Park, Kansas 66212
Email: wmnlegal@hotmail.com
Attorney for Defendant Eric Wade

I further certify that a copy of the foregoing was mailed by U.S. First Class mail to the following non-CM/ECF participants:

David S. Rauzi
Law Office of David S. Rauzi
1111 Main, 7th Floor
Kansas City, Missouri 64105
Attorney for Ken Yarnevich

Clayton White
16311 West 124th Street
Olathe, Kansas  66062

*/s/ Donald C. Ramsay*
Donald C. Ramsay         KS # 07446
Stinson Morrison Hecker LLP
9 Corporate Woods, Suite 450
9200 Indian Creek Parkway
Overland Park, Kansas  66210
Telephone:  (913) 451-8600
Facsimile:  (913) 451-6352
dramsay@stinsonmoheck.com
Attorney for Defendant Josh Zerlan

7