DJW/bh

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DIRECTV, INC.,

           Plaintiff,

                              Case No. 03-2287-GTV-DJW

v.

CLAYTON WHITE, et al.,

           Defendants.

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Josh Zerlan's Motion for Agreed Protective Order (doc. 79). Defendant requests that the Court enter a Protective Order pursuant to the stipulation of the parties.

Mr. Zerlan seeks a protective order that will allow him to designate as confidential a "Data Automation Development Plan" and any document and/or testimony relating to that plan. The proposed Stipulated Protective Order provides that any material which is designated as confidential may not be disclosed except to certain specified individuals and entities. The proposed Order also contains a provision that would permit the parties to file under seal any material designated as confidential.

The decision whether to enter a protective order lies within the sound discretion of the court.[1] Federal Rule of Civil Procedure 26(c) provides that the court, upon a showing of good cause, "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The Scheduling Order entered in this case provides that all "jointly proposed protective orders shall include . . . a concise but sufficiently specific recitation of the particular

---

[1] *Thomas v. IBM*, 48 F.3d 478, 482 (10th Cir. 1995).

facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed.R.Civ.P. 26(c)."[2]

Upon review of the Motion and the proposed Stipulated Protective Order, the Court finds that Mr. Zerlan has shown good cause to keep the referenced discovery materials confidential between the parties. The Court nevertheless finds that Mr. Zerlan has failed to establish a public or private harm sufficient to overcome the public's right of access to judicial records and therefore has not adequately supported his request that the Court enter the provision allowing for the filing of confidential materials under seal.

It is well settled that federal courts recognize a common-law right of access to judicial records.[3] This right derives from the public's interest "in understanding disputes that are presented to a public forum for resolution" and is intended to "assure that the courts are fairly run and judges are honest."[4] This public right of access, however, is not absolute.[5] As federal district courts have supervisory control over their own records and files, the decision whether to allow access to those records is left to the court's sound discretion.[6] In exercising that discretion, the court must consider the relevant facts and circumstances of the case and balance the public's right of access, which is presumed paramount, with the parties' interests

---

[2] Doc. 68, ¶ II.j.

[3] *Worford v. City of Topeka,* No. 03-2450-JWL-DJW, 2004 WL 316073, at *1 (Feb. 17, 2004) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-99 (1978); *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980); *Stapp v. Overnite Transp. Co.*, No. 96-2320-GTV, 1998 WL 229538, at *1 (D. Kan. Apr. 10, 1998)).

[4] *Worford*, 2004 WL 316073, at *1 (citing *Crystal Grower's Corp.*, 616 F.2d at 461).

[5] *Id.* (citing *Stapp*, 1998 WL 229538, at *1).

[6] *Id.* (citing *Stapp*, 1998 WL 229538, at *1).

2

in sealing the record or a portion thereof.[7] Documents should be sealed "only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture."[8]

In keeping with "the paramount right of public access," this Court will require a party to move for permission to file a particular document under seal and to demonstrate a public or private harm that is sufficient to justify the sealing of the document.[9] The fact that the parties may agree to a protective order which provides for the filing of confidential materials under seal does not dispense with the requirement that the parties establish a harm sufficient to overcome the public's right of access to judicial records.[10]

In this case, Defendant Zerlan has not provided sufficient information for the Court to ascertain exactly what confidential documents may be filed under seal. Even assuming the Court were able to determine what documents may be filed under seal, Plaintiff has failed to articulate any specific facts upon which the Court could base a finding of a public or private harm that would overcome the public's right of access to judicial records. The Court must therefore reject the proposed provision that allows for the filing under seal of any materials designated as confidential.

In light of the above, the Court will grant in part and deny in part the Motion for Protective Order. The Court will deny the Motion to the extent the proposed Protective Order provides for the filing of

---

[7] *Id.* (citing *Stapp,* 1998 WL at *1 (citations omitted)).

[8] *Id.* (citing *Stapp*, 1998 WL 229538, at *1).

[9] *Id.*

[10] *Id.* The Court notes that an additional concern supports the Court's rejection of blanket "filing under seal" provisions in protective orders. Because this District has implemented an electronic case filing system, documents filed under seal must be filed conventionally, *i.e.*, in paper form, rather than electronically. *See* D. Kan. 5.4.6. Such paper filings impose a significant administrative burden on the Clerk's Office.

confidential documents under seal, and grant it in all other respects. Accordingly, the Court will enter the proposed Protective Order but without the objectionable provision for the filing of material under seal. The Protective Order, as revised by the Court, will be entered as a separate order.

The Court wishes to make it clear that this ruling does not preclude Mr. Zerlan from filing a motion to file a particular document or documents under seal. Any such motion should identify the particular documents sought to be filed under seal and should set forth specific facts that would satisfy the standards set forth herein.

IT IS THEREFORE ORDERED that Defendant Josh Zerlan's Motion for Agreed Protective Order (doc. 79) is denied to the extent he seeks the entry of a protective order containing a provision allowing for the filing of confidential documents under seal, and granted in all other respects. The proposed Stipulated Protective Order will be entered as a separate order, with the objectionable provision for filing under seal deleted.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 3rd day of March 2004.

s/ David J. Waxse<br>
David J. Waxse<br>
U.S. Magistrate Judge

cc:  All counsel and *pro se* parties