DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**DIRECTV, INC.,**

          **Plaintiff,**

                                      **CIVIL ACTION**

**v.**

                                      **No. 03-2287-GTV**

**BILL STRAUSS, et al.,**

          **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Strike Defendant Strauss and Turner's Expert Witness (doc. 147). Plaintiff seeks to strike Defendants' designation of Peter Honeyman as an expert witness and to preclude him from testifying at trial.

**I.    Factual Background**

Pursuant to the Scheduling Order in this case, Defendants were to serve their Rule 26(a)(2) expert witness disclosures, including their experts' reports, by April 20, 2004.[1] On that date, Defendants' counsel e-mailed Plaintiff's counsel, advising Plaintiff that Defendants "may use at trial" Peter Honeyman as an expert witness. Defendant's counsel indicated that Mr. Honeyman had not yet been hired and had not yet provided any report. Mr. Honeyman's curriculum vitae was attached to the e-mail message.

---

[1] *See* ¶ II.g., Amended Scheduling Order (doc. 74).

On April 21, 2004, Plaintiff served its objections to Defendants' purported Rule 26(a)(2) expert witness disclosures. To date, Defendants have not provided a report or further disclosures for Mr. Honeyman.

## II. Applicable Law

Federal Rule of Civil Procedure 26(a)(2)(B) requires that parties disclose the identity of any witness who is retained or specially employed to provide expert testimony and that the disclosure be accompanied by a written report. Each expert report must be in writing and signed by the expert, and must contain the following: a complete statement of all the expert's opinions and the basis and reasons therefor; the data and information considered by the expert; any exhibits to be used as support for or a summary of the opinions; the qualifications of the expert and all publications authored by the expert in the past ten years; the expert's compensation for his review and testimony; and a list of all other cases in which the expert has testified at trial or at deposition in the past four years.[2]

Defendants do not dispute that the information provided in their counsel's April 20, 2004 e-mail message fails to comply with Rule 26(a)(2)(B), as it does not provide a statement of Mr. Honeyman's opinion or any of the other information required to be contained in the expert's report. The e-mail message merely identifies Mr. Honeyman as a possible expert witness and provides his address and experience. Plaintiff thus moves for an order (1) striking Mr. Honeyman's designation as an expert witness, and (2) precluding him from testifying at trial as an expert.

---

[2]*Sowell v. United Container Mach., Inc.*, No. 02-2004-JWL, 2002 WL 31466439, at *1 (D. Kan. Nov. 1, 2002) (citing Fed. R. Civ. P. 26(a)(2)(B).

Federal Rule of Civil Procedure 37(c)(1) supplies the sanction to be imposed when a party fails to make the required expert witness disclosure. The Rule provides that a party who, without substantial justification, fails to make the required disclosure shall not, unless such failure is harmless, be permitted to use as evidence at trial any witness or information not so disclosed.[3] In applying Rule 37(c)(1), the Court must first determine whether substantial justification for failing to make the required disclosures exists.[4] The Court must then decide whether the failure to disclose is harmless.[5]

Substantial justification requires justification to a degree that could satisfy a reasonable person that the parties could differ as to whether the party was required to comply with the disclosure requirement.[6] The proponent's position must have a reasonable basis in law and fact.[7] Failure to make the disclosure is considered harmless when there is no prejudice to the party entitled to the disclosure.[8] The burden of establishing substantial justification and harmlessness is upon the party who allegedly failed to make the required disclosures.[9]

**III.   Analysis**

---

[3] Fed. R. Civ. P. 37(c)(1).

[4] *Burton v. R. J. Reynolds Tobacco Co.*, 203 F.R.D. 636, 639 (D. Kan. 2001).

[5] *Id.*

[6] *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995) (citing *Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)).

[7] *Id.*

[8] *Burton,* 203 F.R.D. at 639; *Nguyen*, 162 F.R.D. at 680.

[9] *Burton,* 203 F.R.D. at 639; *Nguyen*, 162 F.R.D. at 680.

Nowhere in their response to Plaintiff's Motion do Defendants argue that their failure to disclose was "substantially justified." Defendants do, however, assert that they need to see the results of testing performed on the satellite piracy devices that are at issue in this case before they can determine whether "they need to go to the expense of hiring this expert."[10] Defendants explain that they have served interrogatories and requests for production on Plaintiff to obtain this information, but that Plaintiff objected to providing the information. Defendants state that they each plan to file a motion to compel to obtain this information from Plaintiff. The Court construes these arguments to be Defendants' attempt to show that their failure to provide the required disclosures was "substantially justified."

The Court is not persuaded by Defendants' arguments, for several reasons. First, and most importantly, Defendants' failure to provide the required disclosures cannot in anyway be excused by Plaintiff's objection to providing the testing results. Defendant's expert witness disclosures were due on April 20, 2004—more than a week before Plaintiff's objection and responses to the discovery requests were served. Furthermore, Defendants provide no legal support for their contention that their obligation to comply with Rule 26(a)(2) was conditioned on Plaintiff's compliance with Defendants' discovery requests. In any event, the Court recently upheld Plaintiff's objection to providing the testing results, and the Court denied Defendants' Motions to Compel to obtain the testing results.

Finally, as Plaintiff points out, Plaintiff timely provided its expert witness disclosures and reports on March 30, 2004. In those disclosures and reports, Defendants were provided with sufficient information

---

[10]Defs.' Resp. to Mot. to Strike (doc. 155) at p. 3.

to determine whether they should retain their own expert witness. Thus, Defendants should have been able to provide full and complete disclosures for Mr. Honeyman by their April 20, 2004 deadline.

In sum, the Court finds that Defendants' attempt to justify their failure to disclose does not have a reasonable basis in law or fact. Accordingly, the Court holds that Defendants have not met their burden to show that their failure to provide the required disclosures for Mr. Honeyman was substantially justified.

The Court must now determine whether Defendants' failure to provide the disclosures was harmless. Defendants argue in a conclusory fashion that Plaintiff will not suffer any prejudice if their disclosures are made at this late date because the trial is still several months away. In other words, Defendants appear to be arguing that any prejudice to Plaintiff could be cured by allowing Defendants to make their complete disclosures at this time and permitting Plaintiff to conduct discovery regarding Mr. Honeyman and his opinions.

The Court is not persuaded by this argument. Although the trial has been continued to April 5, 2004, discovery has long since been completed and the Pretrial Order and dispositive motions have been filed. If the Court were to allow Mr. Honeyman to testify as an expert witness, discovery would need to be reopened so as to allow Plaintiff the opportunity to depose Mr. Honeyman and to conduct any additional related discovery. In addition, Plaintiff would need to be given the opportunity to designate and disclose a rebuttal expert. Again, additional discovery might be needed regarding the rebuttal expert's opinions. It is also possible that discovery would have to be re-opened as to all witnesses and issues. Certainly, Plaintiff would have the right to cross-examine and re-depose Defendants on any issues raised by Mr. Honeyman's report. In addition, it is possible that issues raised in Mr. Honeyman's report might

impact the dispositive motions already filed. It is also possible that the report might impact issues, contentions, and defenses set forth in the Pretrial Order, necessitating an amendment of that Order.

Clearly, the cost and inconvenience of reopening discovery and the possible amendment of the Pretrial Order and re-briefing of dispositive motions would prejudice Plaintiff. Moreover, the trial would most likely be delayed.

In sum, based on the facts presented, the Court finds that Defendants have failed to provide substantial justification for not making the required disclosures for Mr. Honeyman in a timely and complete fashion. The Court further finds that Defendants' failure to comply with Rule 26(a)(2)'s disclosure requirements is prejudicial to Plaintiff. Accordingly, the Court will grant Plaintiff's Motion. Defendants' designation of Peter Honeyman as an expert witness is stricken. Furthermore, pursuant to Rule 37(c)(1), Mr. Honeyman will not be allowed to testify as an expert witness at trial.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Strike Defendant Strauss and Turner's Expert Witness (doc. 147) is granted.

IT IS FURTHER ORDERED that Defendants' designation of Peter Honeyman as an expert witness is stricken and Mr. Honeyman shall not be allowed to testify as an expert witness at trial.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 6th day of January 2005.

                                                    s/ David J. Waxse
                                                    David J. Waxse
                                                    U.S. Magistrate Judge

cc:    All counsel and *pro se* parties