DJW/bh

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**DIRECTV, INC.,**

        **Plaintiff,**

                                   **CIVIL ACTION**

**v.**

                                   **No. 03-2287-GTV-DJW**

**BILL STRAUSS, et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Protective Order (doc. 346). Defendants have filed no opposition to the Motion. Although the Motion is uncontested, the Court will decline to summarily grant it.

Plaintiff seeks a protective order that will allow the parties to designate as confidential any materials that "constitute or contain trade secrets, proprietary business or financial information or other confidential research, development or commercial information" of Plaintiff. Plaintiff represents in its Motion that such materials would include certain settlement agreements that were entered into between Plaintiff and certain records custodians and which contain confidentiality provisions.[1]

The proposed Protective Order provides that any material which is designated confidential may not be disclosed except to counsel for the parties, expert witnesses assisting counsel in this lawsuit, and the Court, and that said materials may only be used in connection with this lawsuit. Paragraphs 6 and 7 of the

---

[1] These settlement agreements and their disclosure were discussed in the Court's November 23, 2004 Memorandum and Order concerning Defendants' Motions to Compel. *See* doc. 332.

proposed Protective Order contain provisions that would permit the parties to file under seal any materials designated as confidential.

The decision whether to enter a protective order lies within the sound discretion of the court.[2] Federal Rule of Civil Procedure 26(c) provides that the court, upon a showing of good cause, "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[3]   The party seeking the protective order must provide the court with a concise but sufficiently specific recitation of the particular facts in the case so as to provide the court with an adequate basis upon which to make the required finding of good cause.[4]

Upon review of the Motion and the proposed Protective Order, the Court finds that Plaintiff has shown good cause to keep the referenced trade secret, proprietary business and financial information, and research, development, and commercial information, confidential as between the parties. The Court, however, finds that Plaintiff has failed to establish good cause to file such materials under seal, as provided for in paragraphs 6 and 7 of the proposed Protective Order.  More specifically, Plaintiff has failed to establish a public or private harm sufficient to overcome the public's right of access to judicial records.

---

[2]*Thomas v. IBM*, 48 F.3d 478, 482 (10th Cir. 1995).

[3]Fed. R. Civ. P. 26(c).

[4]*Bartholomees v. Signator Investors, Inc.*, No. 03-2081-GTV, 2003 WL 22843174, at *2 (D. Kan. Nov. 25, 2003).

It is well settled that federal courts recognize a common-law right of access to judicial records.[5] This right derives from the public's interest "in understanding disputes that are presented to a public forum for resolution" and is intended to "assure that the courts are fairly run and judges are honest."[6] This public right of access, however, is not absolute.[7] As federal district courts have supervisory control over their own records and files, the decision whether to allow access to those records is left to the court's sound discretion.[8] In exercising that discretion, the court must consider the relevant facts and circumstances of the case and balance the public's right of access, which is presumed paramount, with the parties' interests in sealing the record or a portion thereof.[9] Documents should be sealed "only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture."[10]

In keeping with "the paramount right of public access," this Court will require a party to move for permission to file a particular document under seal and to demonstrate a public or private harm that is

---

[5]*Worford v. City of Topeka,* No. 03-2450-JWL-DJW, 2004 WL 316073, at *1 (Feb. 17, 2004) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-99 (1978); *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980); *Stapp v. Overnite Transp. Co.*, No. 96-2320-GTV, 1998 WL 229538, at *1 (D. Kan. Apr. 10, 1998)).

[6]*Worford*, 2004 WL 316073, at *1 (citing *Crystal Grower's Corp.*, 616 F.2d at 461).

[7]*Id.* (citing *Stapp*, 1998 WL 229538, at *1).

[8]*Id.* (citing *Stapp*, 1998 WL 229538, at *1).

[9]*Id.* (citing *Stapp,* 1998 WL at *1 (citations omitted)).

[10]*Id.* (citing *Stapp*, 1998 WL 229538, at *1).

sufficient to justify the sealing of the document.[11]  The mere fact that the information sought to be filed under seal constitutes trade secret, financial information or research and development information does not dispense with the requirement that the moving party establish a harm sufficient to overcome the public's right of access to judicial records.

In this case, Plaintiff has not provided information sufficient for the Court to ascertain exactly what confidential documents may be filed under seal.  Even assuming the Court were able to determine what particular documents would be filed under seal, Plaintiff has failed to articulate any specific facts upon which the Court could base a finding of a public or private harm that would overcome the public's right of access to judicial records.  The Court must therefore reject the filing under seal provisions contained in Paragraphs 6 and 7 of the proposed Protective Order.

Accordingly, the Court will delete Paragraphs 6 and 7, and in their place insert a provision indicating that a party who desires to file under seal any documents covered by the Protective Order shall file a motion for leave to file under seal, identifying the particular document(s) sought to be filed under seal and setting forth specifics facts that would satisfy the standards set forth herein.

The Court will issue a revised version of Plaintiff's proposed Protective Order that is consistent with this Order.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Protective Order (doc. 346) is granted in part and denied in part as set forth herein.

IT IS SO ORDERED.

---

[11]*Id.*

4

Dated in Kansas City, Kansas on this 2nd day of February 2005.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties