## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| **DIRECTV, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 03-2287-CM** |
| | ) | |
| **WILLIAM TURNER,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Plaintiff DIRECTV, Inc. brought this case, alleging that defendant William Turner unlawfully intercepted and decrypted DIRECTV's satellite signals, ultimately to gain free viewing of satellite television programming. The Honorable G. Thomas VanBebber held a bench trial on April 5, 2005. After the untimely death of Judge VanBebber, the parties agreed that this court could decide the case based on the trial transcript and the evidence admitted at trial. The court made findings of fact and conclusions of law, and entered judgment for plaintiff in the amount of $10,000. The case is now before the court on Plaintiff's Motion for Attorneys' Fees, Expenses and Costs and Motion for Relief from Judgment (Doc. 461) and Defendant Motions the Court to Dismiss Attorneys' Fees, Expenses and Cost and Motions the Court for [Mistrial] (Doc. 479).

### I. Attorney Fees

The court found that defendant violated 47 U.S.C. § 605(a) and 18 U.S.C. § 2511. Plaintiff is therefore entitled to attorney fees and costs under each statute. *See* 47 U.S.C. § 605(e)(3)(B)(iii) (providing that "the court . . . shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails"); 18 U.S.C. § 2520(b)(3) (directing the court to

grant "a reasonable attorney's fee and other litigation costs reasonably incurred" to a party prevailing under § 2511).

The court follows a two-step process to calculate an award of reasonable attorney fees. First, the court multiplies the number of hours reasonably expended by a reasonable hourly fee, resulting in the "lodestar" amount. *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party moving for attorney fees "bears the burden of . . . documenting the appropriate hours expended and the hourly rate." *Case v. Unified Sch. Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998). The lodestar figure "is the presumptively reasonable fee." *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1493 (10th Cir. 1994). Second, the court may adjust the lodestar upward or downward as necessary. *Blum*, 465 U.S. at 888.

**A. Lodestar Amount**

*1. Number of Hours Reasonably Expended*

To satisfy its burden, the party requesting fees must submit "meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case*, 157 F.3d at 1250 (citing *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983)). "The prevailing party must make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Robinson v. City of Edmond*, 160 F.3d 1275, 1280 (10th Cir. 1998). The court will reduce the hours claimed if the attorneys' records are inadequate or fail to precisely document the time necessary to complete specific tasks. *Hensley*, 461 U.S. at 433–34; *Case*, 157 F.3d at 1250.

Plaintiff's attorneys submitted two sets of records in this case—one set attached to the

affidavit of Todd Johnson and another set to the affidavit of Joseph R. Russo, Jr.  With respect to the first set of records, the attorneys and non-secretarial legal staff kept detailed contemporaneous time records of their work in this case.  Because the case initially involved several defendants, the attorneys blacked out significant portions of the timesheets for work done on other defendants.  They also divided their fees and costs by nine when they involved all defendants in the case and two when they involved defendants Turner and Bill Strauss.  Moreover, Mr. Johnson indicated in his affidavit that all of the billing entries either related directly to plaintiff's prosecution of defendant Turner, or were reduced accordingly.  The time sheets support Mr. Johnson's statement; the entries allocated solely to defendant Turner either reference his name or are associated with his trial.  The court finds that all of the hours claimed in the records attached to Mr. Johnson's affidavit—296.17 hours— are reasonable.

The documents attached to Mr. Russo's affidavit are also detailed, contemporaneous time records.  Mr. Russo testified in his affidavit that all of the entries were for one of four defendants: Robert Puccinelli, William Turner, Ken Yarnevich, and/or Bill Strauss.  Many of the entries specifically state that they are for defendant Turner.  The court deduces that others must be for defendant Turner, as he was the only defendant remaining in the case at the time of the entry.  The court cannot tell, however, to which defendant(s) some of the entries pertain.  The following examples illustrate the problem:  Plaintiff filed a document on March 18, 2005 (Doc. 398) stating that it believed (1) it had settled with defendant Yarnevich, and (2) defendant Strauss was in bankruptcy.  But time records for dates after March 18 still refer to "defendants," and someone made additional marks on the records, suggesting that certain fees were for both defendants Strauss and Turner after that date.  There are also numerous blank spaces in the records, where it appears that names have been whited-out.  And plaintiff seeks to recover fees from defendant Turner for

-3-

reviewing defendant Strauss's bankruptcy filings, which is improper.  To complicate things further, defendant Strauss was not officially terminated as a party until August 9, 2006, well after the bench trial that involved only defendant Turner.

Because of the confusing records regarding defendant Strauss, the court takes a conservative approach, and allocates the time for records not specifically stating that they were only for defendant Turner between at least defendants Turner and Strauss (if not also defendant Yarnevich[1]) through April 4, 2005.  Judge VanBebber held a conference on motions in limine on April 5, 2005, and at that time, it was clear that defendant Turner was the only defendant proceeding to trial.  The court therefore allocates all of the time beginning on April 5, 2005 to defendant Turner.  In other words, the court separates the records attached to Mr. Russo's affidavit into the following categories:

| **Type of Record** | **Hours Allocated to defendant Turner** |
|---|---|
| Any record that specifically states it is for defendant Turner | Full number of hours |
| Any ambiguous record before March 18, 2005 | Number of hours divided by 3 |
| Any ambiguous record between and including March 18, 2005 and April 4, 2005 | Number of hours divided by 2 |
| Any ambiguous record dated April 5, 2005 or later | Full number of hours |

Based on this rationale, the court finds that 177.15 hours (out of a requested 260.30 hours) are reasonable and should be allocated to defendant Turner.

### 2. Reasonable Hourly Rate

In determining a reasonable hourly rate, the customary rate charged by an attorney is

---

[1]  Although Mr. Russo indicated that the entries were for one of four defendants, Robert Puccinelli was terminated as a party before any of the time entries at issue.

relevant, but not necessarily conclusive. *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 820 F. Supp. 1330, 1333 (D. Kan. 1993). Attorneys in this case charged rates ranging from $135 to $180 for associates and $175 to $250 for partners. Paralegals billed at $75 to $90 and non-secretarial legal assistants at $40 to $75 per hour. Other courts in this district have approved similar fees. *See, e.g., Albert v. Wesley Health Servs., Inc.*, No. 00-2067-KHV, 2001 WL 1000951, at *2 (D. Kan. Aug. 24, 2001) (approving $135 hourly rate); *Theno v. Tonganoxie Unified Sch. Dist. No. 464*, 404 F. Supp. 2d 1281, 1286 (D. Kan. 2005) (finding $250 rate reasonable); *see also DIRECTV, Inc. v. Carrera*, No. 6:03CV00093, 2005 WL 2347350, at *n.6 (W.D. Va. Sept. 22, 2005) (approving $145 for associate and $250 for partner); *DIRECTV, Inc. v. Atwal*, No. CIVSO32499WBSDAD, 2005 WL 1388649, at *2 (E.D. Cal. June 8, 2005) (finding $250 fee reasonable). Mr. Johnson signed an affidavit stating that (1) he is familiar with the usual, customary, and reasonable legal fees for satellite piracy suits, and (2) the fees and costs in this case are reasonable and necessary within the relevant legal community for the proper prosecution of this action. Mr. Russo also stated in an affidavit that he has represented DIRECTV for five years, and is familiar with the usual, customary, and reasonable fees for satellite piracy suits.

The court finds, based on the evidence submitted by plaintiff as well as the court's own knowledge of prevailing rates charged by attorneys in the Kansas City area, that the hourly rates charged are reasonable based on the professional skills, experience, and reputation of the attorneys, particularly regarding this type of litigation. Based on these rates, as well as the reasonable hours set forth above, the court arrives at a lodestar figure of $64,031.53 ($39,384.53 from the entries attached to Mr. Johnson's affidavit and $24,647 from the entries attached to Mr. Russo's affidavit).

**B. Lodestar Adjustment**

Defendant Turner appears to argue that the court should reduce the lodestar amount because plaintiff achieved only limited success. The court dismissed several of the claims in the case, and awarded plaintiff injunctive relief and $10,000 in damages although plaintiff sought significantly more in damages. "In evaluating whether the lodestar amount should be adjusted when the prevailing party obtained only partial success, the court must consider two questions: (1) whether the claims on which the plaintiff did not prevail were related to those on which [the plaintiff] did prevail; and (2) whether the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Metz*, 39 F.3d at 1493. "Claims are related if they involve a common core of facts or will be based on related legal theories." *Hensley*, 461 U.S. at 435.

The court finds that plaintiff's claims were related and arose from the same core facts. Plaintiff achieved a great deal of success on its claims, both through settlements with other defendants and its favorable verdict against defendant Turner. Although the monetary award was not as high as plaintiff sought, the litigation and trial against defendant Turner served another purpose—to deter others from illegally intercepting plaintiff's satellite signal. And plaintiff received its requested injunctive relief. Moreover, the issues in this case were complex and novel. Satellite piracy cases are not common—this case was the only one to go to trial out of more than fifty filed in this district. Finally, although plaintiff did not have direct evidence of satellite piracy, plaintiff was able to prove its case through circumstantial evidence and technical expert testimony.

The court also finds that the lodestar calculation is reasonable based on the experience, reputation, and ability of counsel. More importantly, the modest hours spent are well-documented and accurately reflect the success of plaintiff in this case. The court finds no basis for adjusting the

presumptively-reasonable lodestar amount.

## II.  Other Expenses and Costs

Plaintiff requests an award for costs and expenses totaling $30,908.04.  The most significant portion of the expenses requested is $21,657, for the expert witness fees of William Gatliff, who testified at trial.  The next most significant portion of the expenses is $7,745.69, which appears to be for litigation support and/or consulting services.  The remainder of the amount—$1,505.35—is comprised of postage, photocopies, travel, Federal Express charges, and computer research.

Neither statute authorizing the court to award costs specifies whether it allows "taxable" costs, or costs in addition to taxable costs.  Most courts considering 47 U.S.C. § 605(e)(3)(B)(iii) have limited recoverable costs to taxable costs.  *See, e.g., Time Warner Cable of New York City v. Sanchez*, No. 02 Civ. 5855 GBD FM, 2003 WL 21744089, at *5 (S.D.N.Y. July 8, 2003) (treating "full costs" as taxable costs); *Garden City Boxing Club, Inc. v. Bello*, No. CV-05-1300 (ARR)(JMA), 2005 WL 2496062, at *6 (E.D.N.Y. Sept. 20, 2005) (implying that investigative costs are taxable costs); *Kingvision Pay-Per-View Ltd. v. Cardona*, No. 03 Civ. 3839(GBD)(FM), 2004 WL 1490224, at *4 (S.D.N.Y. June 30, 2004) (treating "full costs" as taxable costs).  *But see Kingvision Pay-Per-View Ltd. v. Autar*, 426 F. Supp. 2d 59, 66-67 (E.D.N.Y. 2006) (discussing the issue thoroughly and holding that "full costs" means costs in addition to taxable costs).  The court did not find a case analyzing whether 18 U.S.C. § 2520(b)(3) allowed recovery of costs in addition to taxable costs, although the statute's use of the term "reasonably incurred" to modify "costs" suggests that perhaps costs beyond taxable costs are recoverable.  The cases that plaintiff cites to suggest that all of its costs are recoverable are distinguishable and inapplicable to the case at hand.

The court declines to award plaintiff's requested costs (in addition to those the Clerk of the Court has already taxed) for two alternative reasons.  First, all of the costs requested are beyond the

scope of those allowed as taxable costs under 28 U.S.C. § 1920.  *See, e.g.,* 28 U.S.C. § 1821

(limiting witness fees allowed as taxable costs under 28 U.S.C. § 1920); 28 U.S.C. § 1920(4)

(requiring that photocopies be "necessarily obtained for use in the case" in order to be taxable);

*Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1180 (10th Cir. 2005) (holding that computer research

is not taxable, but is recoverable as part of attorney fees); *Augustine v. United States*, 810 F.2d 991,

996 (10th Cir. 1987) (holding that the district court did not abuse its discretion by refusing to tax

counsel's travel expenses); *Ortega v. IBP, Inc.*, 883 F. Supp. 558, 562 (D. Kan. 1995) (denying

taxation of postage expenses); *Burton v. R.J. Reynolds Tobacco Co.*, 395 F. Supp. 2d 1065, 1087 (D.

Kan. 2005) (denying taxation of Federal Express charges).  Only two of the costs submitted by

plaintiff are arguably taxable: witness fees and photocopies.  But plaintiff's witness fees far exceed

those allowed by statute, and plaintiff has made no showing that the photocopies—many of which

were made after trial—were "necessarily obtained for use in the case."  In any event, the Clerk of the

Court has already taxed costs in this case, and plaintiff did not object to the Clerk's findings.

Second, even if some of the costs were allowable as costs in addition to taxable costs,

plaintiff has not given the court any way to measure whether they are reasonable.  Plaintiff's request

for expert witness fees totaling over $21,000, for example, gives no detail as to the work Mr. Gatliff

did, or any way to evaluate whether the hours spent or his hourly rate was reasonable.  The same

goes for plaintiff's request for over $7,000 in litigation support and/or consulting expenses.  The

court cannot determine the nature of the work done or the qualifications of the person whose

services were employed.  There is simply no way for the court to determine whether these costs are

reasonable.  And although plaintiff may be entitled to recover for attorney travel expenses, plaintiff

has submitted no documentation itemizing the expenses.

The court finds that plaintiff failed to meet its burden of showing that it is entitled to recover

the costs submitted in addition to those costs already taxed in this case.  The court denies this portion

of plaintiff's motion.

## III.  Relief from Judgment

Plaintiff asks the court to amend the judgment pursuant to Fed. R. Civ. P. 60(a) to include an

award of injunctive relief.  Plaintiff is correct; the court inadvertently omitted an award of injunctive

relief in its judgment, although the court found that injunctive relief was appropriate in its

conclusions of law.  The court therefore orders that the July 19, 2006 judgment be amended to

include the award of injunctive relief referenced in the court's July 13, 2006 Memorandum and

Order.

## IV.  Defendant's Motion for a Mistrial

The court has considered defendant's arguments that plaintiff's attorney fees are

unreasonable, despite the untimeliness of Docs. 476 and 479.  Defendant's request that the court

dismiss plaintiff's motion for attorney fees is denied.

In Doc. 479, defendant also requests a mistrial or leave to file an appeal.  Defendant's

request for a mistrial is untimely and denied as such.  *See United States v. Martinez*, 455 F.3d 1127,

1130 n.2 (10th Cir. 2006) (citing a First Circuit case that found a motion for mistrial untimely where

the "defendant failed to act at the earliest possible opportunity").  The court has already found that

the evidence defendant presents now could have been discovered or presented earlier.  *See* Doc. 480.


To the extent that defendant's motion can be construed as one for a new trial, the motion is

also untimely.  *See* Fed. R. Civ. P. 59(b).  Moreover, the court has already considered and denied a

motion for review filed by defendant Turner, which the court construed as a Rule 59(e) or Rule

60(b) motion.  The present motion is denied for the same reasons given in the court's December 7,

2006 Order (Doc. 480).

To the extent that defendant Turner is requesting permission to file an appeal out of time, the request is also denied.[2]  Defendant's request is untimely under Fed. R. App. P. 4(a)(5), and the court finds no basis for granting the motion under subsection (4)(a)(6).  Under Fed. R. App. P. 4(a)(6), defendant Turner must prove non-receipt of notice of the entry of judgment, which he has not done. *See Trapp v. Pro*, No. 05-4104-JAR, 2006 WL 2873471, at *2 (D. Kan. Oct. 5, 2006) (citing *McDaniel v. Moore*, 292 F.3d 1304, 1307 (11th Cir. 2002) (further citation omitted)).

The court has considered defendant's motion and other *pro se* filings with the liberal construction afforded *pro se* parties.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  But "[a] party's pro se status does not relieve him from complying with the court's procedural requirements." *Barnes v. United States*, 173 F. App'x 695, 697 (10th Cir. 2006) (citations omitted); *see also Santistevan v. Colo. Sch. of Mines*, 150 F. App'x 927, 931 (10th Cir. 2005) (holding that a *pro se* litigant must follow the same rules of procedure as other litigants).  The court finds no basis in the record for granting defendant's motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorneys' Fees, Expenses and Costs and Motion for Relief from Judgment (Doc. 461) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Defendant Motions the Court to Dismiss Attorneys' Fees, Expenses and Cost and Motions the Court for [Mistrial] (Doc. 479) is denied.

---

[2]  The court notes that defendant Turner actually filed an appeal of the July 19, 2006 judgment on December 22, 2006.

Dated this 5th day of January 2007, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**