# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DIRECTV, INC.,**   )<br>                             )<br>           **Plaintiff,**   )<br>                             )         **CIVIL ACTION**<br>**v.**                       )<br>                             )         **No. 03-2287-CM**<br>                             )<br>**WILLIAM TURNER,**    )<br>                             )<br>           **Defendant.**  )<br>_____)| |

## ORDER

This case is before the court on two *pro se* motions: defendant William Turner's Motion to Set Aside Memorandum Orders Date[d] July 19, 2006 and ODER DATE [sic] Jan. 5, 2007 (Doc. 489) and defendant William Turner's Motion of Fraud upon the Court (Doc. 491). These motions are the third and fourth motions filed by defendant in an effort to get the court to change its findings of fact and conclusions of law in this case. Defendant has also appealed the court's rulings to the Tenth Circuit. That appeal remains pending.

The court has already denied two of defendant's motions, and finds that denial of both new motions is appropriate for the reasons previously set forth. Defendant's motions remain untimely and remain unfounded. He continues to rehash arguments that either were presented earlier or could have been presented earlier. Defendant makes some new allegations of fraud, but he does not support his allegations with admissible evidence. "When alleging a claim of fraud on the court, the [defendant] must show by clear and convincing evidence that there was fraud on the court, and all doubts must be resolved in favor of the finality of the judgment." *Weese v. Schukman*, 98 F.3d 542, 552 (10th Cir. 1996).

To the extent that defendant's motions are intended to challenge the court's award of attorney fees, the motions offer no evidence or argument why the court's award of attorney fees should not stand. Once again, the court has considered defendant's motions with the liberal construction afforded *pro se* parties. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But "[a] party's pro se status does not relieve him from complying with the court's procedural requirements." *Barnes v. United States*, 173 F. App'x 695, 697 (10th Cir. 2006) (citations omitted); *see also Santistevan v. Colo. Sch. of Mines*, 150 F. App'x 927, 931 (10th Cir. 2005) (holding that a *pro se* litigant must follow the same rules of procedure as other litigants).

In plaintiff's response to Doc. 491, plaintiff asks the court for Rule 11 sanctions. Specifically, plaintiff asks the court to enjoin defendant from filing any further motions in this case while his appeal is pending. Because plaintiff has not followed the procedures set forth in Rule 11, the court does not award sanctions at this time. Defendant is advised, however, that if he continues to file improperly supported motions that fail to comply with the rules of procedure governing practice in this court, the court may determine that sanctions—either in the form of injunctive relief or a monetary award—are appropriate.

**IT IS THEREFORE ORDERED** that defendant William Turner's Motion to Set Aside Memorandum Orders Date[d] July 19, 2006 and ODER DATE [sic] Jan. 5, 2007 (Doc. 489) is denied.

**IT IS FURTHER ORDERED** that defendant William Turner's Motion of Fraud upon the Court (Doc. 491) is denied.

-3-

Dated this 20th day of March 2007, at Kansas City, Kansas.

                                        **s/ Carlos Murguia**
                                        **CARLOS MURGUIA**
                                        **United States District Judge**