IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DIRECTV, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 03-2287-CM |
| ) | |
| **WILLIAM TURNER,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

This case is before the court on Defendant [sic] Motion for Relieft [sic] from Judgment Pursuant to F.D.Civ.P.60 [sic] Based on Newly Discovered Evidence that Fulfillment Plus did not Keep Physical Copies of Packing Slips and the Packing Slips Cannot be Printed from the Database (Doc. 503). This is the fifth motion defendant has filed in an attempt to convince the court to change its findings of fact and conclusions of law. It is the third motion specifically regarding the packing slips.

In April 2005, the Honorable G. Thomas VanBebber held a bench trial on plaintiff's claims against defendant William Turner. After the untimely death of Judge VanBebber in May 2005, this case was reassigned first to the Honorable Kathryn H. Vratil and then to the undersigned judge in August 2005. The parties agreed that the court would determine the case based on the trial transcript and the evidence submitted at trial.

This court entered its findings of fact and conclusions of law in July 2006. It appears that the court may have prematurely entered a final judgment after issuing its findings of fact and conclusions of law in July 2006. At the time the court entered judgment, one additional defendant

remained in the case—Bill Strauss. Plaintiff advised Judge VanBebber in March 2005 that plaintiff believed defendant Strauss had filed for bankruptcy (which is why he did not proceed to trial with defendant Turner), but plaintiff did not move to dismiss him as a party until August 2006. The court dismissed defendant Strauss without prejudice in August 2006. Prior to August 2006, the last time defendant Strauss actively participated in the case was in February 2005. At both the time of the trial and the time the court issued its findings of fact and conclusions of law, defendant Turner was the only active defendant remaining in the case.

The somewhat unusual procedural history of this case provides background as to why the parties and the court have been proceeding as if a final judgment were entered in this case. Based on this understanding, the court has repeatedly referred to defendant's post-trial motions as untimely. Whether the court's perception of the timeliness of the motions was correct, however, is inconsequential here. The court did not deny defendant's post-trial motions solely for being untimely. Instead, the court denied each motion alternatively as untimely and as unfounded. Defendant's most recent motion, which is in essence a motion to reconsider the court's previous orders denying his earlier motions, lacks merit. He makes the same allegations in this motion that he raised on February 9 and February 15, 2007. Still, he has not shown that his assertions constitute newly discovered evidence that could not have been discovered earlier. Nor has he shown by clear and convincing evidence that plaintiff or its attorneys committed fraud on the court. The court finds no basis to reconsider its March 20, 2007 order denying defendant's previous motions regarding the evidence of packing slips that Judge VanBebber admitted at trial.

At this stage of the litigation, repeating allegations of misconduct previously addressed by the court will not entitle defendant to relief at the district court level. Plaintiff asks the court to

-3-

direct defendant to show cause why the court should not sanction him for his behavior.  The court warned defendant in its last order that "if he continues to file improperly supported motions that fail to comply with the rules of procedure governing practice in this court, the court may determine that sanctions—either in the form of injunctive relief or a monetary award—are appropriate."  Defendant may believe that his present motion is properly supported by evidence.  He may also believe that his motion is timely.  Because of the unique procedural posture of this case, the court will give defendant the benefit of the doubt, and will not—at this time—order him to show cause why sanctions are inappropriate.  But defendant should not raise the same issues supported by the same evidence again before this court.  If he does, the court will order him to show cause why sanctions should not be imposed at that time.

**IT IS THEREFORE ORDERED** that Defendant [sic] Motion for Relieft [sic] from Judgment Pursuant to F.D.Civ.P.60 [sic] Based on Newly Discovered Evidence that Fulfillment Plus did not Keep Physical Copies of Packing Slips and the Packing Slips Cannot be Printed from the Database (Doc. 503) is denied.

Dated this 18th day of June 2007, at Kansas City, Kansas.

                                       **s/ Carlos Murguia**
                                       **CARLOS MURGUIA**
                                       **United States District Judge**