# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DIRECTV, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **No. 03-2287-CM** |
| ) | |
| **WILLIAM TURNER,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

  This case is before the court on defendant's Motion for Final Judgment Under Fed. R. Civ. P. 54(b) (Doc. 506).  The Tenth Circuit abated defendant's appeal on May 24, 2007 because this court's judgment for plaintiff did not constitute a final appealable decision.  The Tenth Circuit granted defendant thirty days to serve and file a copy of a district court order containing a final judgment under Fed. R. Civ. P. 54(b).

  Rule 54(b) provides that when multiple claims or parties are involved in an action, "the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."  Fed. R. Civ. P. 54(b).  Because "sound judicial administration does not require that Rule 54(b) requests be granted routinely," the power to grant such a request rests with the sole discretion of a district court.  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980).

  In analyzing a Rule 54(b) motion, "[a] district court must first determine that it is dealing with a 'final judgment.'"  *Id.* at 7.  The court's disposition must have been a "'judgment' in the sense

that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* (citation omitted).  The court finds that its Memorandum and Order dated July 14, 2006 constituted a "final judgment" for purposes of Rule 54(b) because it was an ultimate disposition of plaintiff's claims against defendant William Turner.  Plaintiff's claims against defendant Turner are separable from its claims against defendant Bill Strauss, the only remaining defendant when the court entered judgment against defendant Turner.  While the claims involved the same statutes, the claims against each defendant were fact-specific.  Furthermore, the claims were such that it is unlikely that the Tenth Circuit would have to decide the same issues more than once if there were a subsequent appeal regarding defendant Strauss.

After determining finality, the court must examine whether there is any just reason for delay. Fed. R. Civ. P. 54(b); *Curtiss-Wright Corp.*, 446 U.S. at 8.  "In deciding whether there are no just reasons to delay the appeal of individual final judgments . . . a district court must take into account judicial administrative interests as well as the equities involved.  Consideration of the former is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'"  *Curtiss-Wright Corp.*, 446 U.S. at 8 (citation omitted).  Here, although the court dismissed plaintiff's claims against defendant Strauss without prejudice, such dismissal occurred over ten months ago, and plaintiff has not refiled its action against that defendant.  There is no indication that entering an individual final judgment would facilitate piecemeal appeals in this instance.  The court finds no just reason for delaying an appeal on the claims against defendant Turner.  A Rule 54(b) certificate is appropriate, and the parties may proceed with the appellate process.

-2-

**IT IS THEREFORE ORDERED** that defendant's Motion for Final Judgment Under Fed.

R. Civ. P. 54(b) (Doc. 506) is granted.

Dated this 18th day of June 2007, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**