IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DIRECTV, INC.,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**WILLIAM TURNER,**<br><br>        **Defendant.** | CIVIL ACTION<br><br>No. 03-2287-CM |

## ORDER

This case is before the court on defendant William Turner's Motion to Reopen Case and Motion for Honorable Chief Judge John Lungstrum to Review Case (Doc. 512). On September 14, 2007, the Tenth Circuit affirmed this court's bench trial ruling.

Defendant is not entitled to have Judge Lungstrum or the current chief judge review this case. Section 137 of Title 28 United States Code governs the distribution of case filings and provides:

> **Division of business among district judges**
>
> The business of a court having more than one judge shall be divided among the judges as provided by the rules and orders of the court.
>
> The chief judge of the district court shall be responsible for the observance of such rules and orders, and shall divide the business and assign the cases so far as such rules and orders do not otherwise prescribe.

The statute does not grant either express or implied authority to a chief judge to review the rulings of another judge within the district. The chief judge does not function as an appeals court. The Tenth Circuit is the appropriate appellate court, and the Tenth Circuit already affirmed this court's ruling.

Defendant is not entitled to have another district court judge review this court's decision.

This is defendant's sixth motion seeking review of a bench trial ruling that this court issued in July 2006.  On June 18, 2007, the court advised defendant that he should not raise the same issues supported by the same evidence again before this court.  The court further advised defendant that "[i]f he does, the court will order him to show cause why sanctions should not be imposed at that time."  Despite this warning, defendant again raises the same issues that he has raised multiple times before.  Defendant continues to file repetitious pleadings.

As the Tenth Circuit explained in *Tripati v. Beaman*,

> the right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.  No one, rich or poor, is entitled to abuse the judicial process.

878 F.2d 351, 353 (10th Cir. 1989) (citations omitted).  "Federal courts may 'regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.'" *Guttman v. Widman*, 188 F. App'x 691, 698 (10th Cir. 2006) (citation and quotation omitted).  Before imposing such restrictions, the court must set forth the litigant's abusive and lengthy history and give the litigant prior notice of and an opportunity to object to the restrictions.  *Tripati*, 878 F.2d at 353.  The restrictions must be carefully tailored for the circumstances and provide guidelines for the litigant on how to obtain permission to file an action.  *Id.* at 354.

Since the court's July 13, 2006 bench trial ruling, defendant has filed the following pleadings requesting the court to reconsider its July 2006 order:

(1) Motion to Review Record filed November 6, 2006 (Doc. 472);

(2) Defendant Motions the Court to Dismiss Attorneys' Fees, Expenses and Cost and Motions the Court for [Mistrial] filed December 5, 2006 (Doc. 479);

> (3) Motion to Set Aside Memorandum Orders Date[d] July 19, 2006 and ODER DATE [sic] Jan. 5, 2007 filed February 9, 2007 (Doc. 489);
>
> (4) Motion of Fraud upon the Court filed February 15, 2007 (Doc. 491);
>
> (5) Defendant [sic] Motion for Relieft [sic] from Judgment Pursuant to F.D.Civ.P.60 [sic] Based on Newly Discovered Evidence that Fulfillment Plus did not Keep Physical Copies of Packing Slips and the Packing Slips Cannot be Printed from the Database filed May 3, 2007 (Doc. 503);
>
> (6) Motion to Reopen Case and Motion for Honorable Chief Judge John Lungstrum to Review Case filed December 28, 2007 (Doc. 512).

Defendant filed these motions *pro se*, although he was represented by counsel during the bench trial. The court has given him some latitude as a *pro se* litigant, but defendant's continued objections to the outcome of this lawsuit have reached the point of being vexatious. As the court has told defendant numerous times, his objections to the judgment are without merit. Plaintiff has dutifully responded to each of defendant's motions, continuing to needlessly incur attorney fees although the case has been closed for some time. Moreover, defendant's motions have burdened the court and court personnel. The court could consider issuing monetary sanctions against defendant, but defendant's past actions suggest that rather than paying the penalty, defendant would tie up more resources fighting the monetary sanctions. The post-trial motions listed above are all centered on avoiding payment of the $10,000 judgment and attorney fees assessed against defendant.

After considering all of these factors, the court determines that narrowly-tailored filing restrictions are appropriate. Absent a timely valid objection by defendant that shows why this sanction should not be imposed, the court intends to enter the following filing restrictions:

**Defendant is prohibited from filing any additional motions or pleadings that request the court**

**to reconsider its July 2006 Memorandum and Order because the evidence was insufficient and/or because modified documents were used in the case.** Prior to filing any pleading in this action, defendant must provide a notarized affidavit stating that the pleading is filed in good faith, is not malicious, and has arguable merit. The notarized affidavit must provide a list of all pleadings defendant has previously filed that relate to the issues in the proposed pleading and describe their status. Defendant must also certify the proposed filing pursuant to Fed. R. Civ. P. 11. Defendant shall send the notarized affidavit and proposed pleading to the clerk of the court. The court clerk will review defendant's notarized affidavit and proposed filing and determine whether it may be filed under this order. The clerk will file pleadings that fall within those permitted by this order. Any pleading that violates this court's order will not be filed with the court and will be returned to defendant via certified mail.

Defendant may file an objection to these sanctions within fifteen calendar days of this order.

**IT IS THEREFORE ORDERED** that defendant William Turner's Motion to Reopen Case and Motion for Honorable Chief Judge John Lungstrum to Review Case (Doc. 512) is denied.

**IT IS FURTHER ORDERED** that defendant has fifteen calendar days in which to object to the above-mentioned filing restrictions. Absent a timely, valid objection, the filing restrictions will take effect in fifteen calendar days.

Dated this 11th day of February 2008, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**